IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

TANISA JEFFERS BERNARD and
BRIAN BERNARD,
                      **Plaintiffs,**

-vs-                                                          Case No. A-14-CA-989-SS

MGC MORTGAGE, INC. and
LNV CORPORATION,
                        **Defendants.**

## O R D E R

BE IT REMEMBERED on the 10th day of April 2015, the Court held a hearing in the above-styled cause, and the parties appeared by and through counsel. The Court now enters the following orders confirming its oral pronouncements:

This case concerns an alleged mortgage overpayment made by Plaintiffs Tanisa Jeffers Bernard and Brian Bernard to Defendant MGC Mortgage, Inc., the servicer of Plaintiffs' mortgage. On December 11, 2013, Plaintiffs filed their original petition in the Travis County Court of Law #1. *See* Notice Removal [#1-1], Ex. 1 (Orig. Pet.) at 2. On October 24, 2014, Plaintiffs amended their petition to assert, for the first time, a federal cause of action, and Defendant MGC Mortgage, Inc., removed the case to this Court on October 30, 2014. Notice Removal [#1-1], Ex. 9 (First Am. Pet.) at 71; *id.* [#1].

Following removal, Plaintiffs filed their "Amended Petition," the current live pleading, asserting causes of action for breach of contract, tortious interference with a contract, "debt," payment by mistake, unjust enrichment, negligent misrepresentation, violations of the federal Real



Estate Settlement Procedures Act (RESPA), and violations of the federal Fair Debt Collection Practices Act (FDCPA). Am. Compl. [#6] ¶¶ 14–38. All of these causes of action are based upon mortgage payments allegedly tendered by Plaintiffs from December 2007 through November 2009. *See id.* ¶ 12. Plaintiffs claim in December 2009, an MGC employee informed Plaintiffs they were owed a refund of $16,000 for overpayments of their mortgage made during that period of time.

It appears to the Court Plaintiffs' claims lack merit for a number of reasons, most obviously because they are barred by limitations. Under Texas law, a breach of contract action has a four-year limitations period and accrues at the time of the breach. *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002). Even if the alleged breach did not occur until November 30, 2009, Plaintiffs' breach of contract claim would be time-barred. As actions for unjust enrichment have a two-year limitations period, *Elledge v. Frieberg Cooper Water Supply*, 240 S.W.3d 869, 870 (Tex. 2007), Plaintiffs' unjust enrichment claim is clearly barred, as by their own admission Plaintiffs were aware of the grounds for the claim no later than December 2009. Plaintiffs did not plead payment by mistake until filing their October 24, 2014 amended petition; whether the two- or four-year limitations period is applicable, that claim is also time-barred. *See* TEX. CIV. PRAC. & REM. CODE §§ 16.004(a)(3), 16.051. Plaintiffs' negligent misrepresentation claim is barred, as it, too, has a two-year limitations period. *Tex. Am. Corp. v. Woodbridge Joint Venture*, 809 S.W.2d 299, 302 (Tex. App.—Fort Worth 1991, writ denied). FDCPA claims must be brought within one year from the date the violation occurs; these, too, are likely barred. *See* 15 U.S.C. § 1692k(d). Finally, RESPA claims brought under § 2605 must be brought within three years from the date the violation occurs; again, Plaintiffs' claims are likely barred. *See* 12 U.S.C. § 2614.

A number of motions are presently pending before the Court, including Plaintiffs' Motion for Leave to File Amended Complaint [#24], which the Court grants. Based on the foregoing, however, it appears to the Court Plaintiffs' claims are in no way warranted by existing law, and it is highly unlikely a fourth iteration of the complaint will cure that deficiency. The Court therefore gives notice to Plaintiffs that further prosecution of non-meritorious claims will result in imposition of sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, which may well include all attorney's fees and costs incurred by Defendants in defending this lawsuit.

Accordingly:

IT IS ORDERED that Plaintiffs Tanisa Jeffers Bernard and Brian Bernard's Motion for Leave to File Amended Complaint [#24] is GRANTED.

SIGNED this the __10th__ day of April 2015.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE